UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 01-4804

CHRISTINA OXENDINE,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
Terrence W. Boyle, Chief District Judge.
(CR-00-107-BO)

Submitted: May 13, 2002

Decided: June 11, 2002

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Carl G. Ivarsson, Jr., COOK, IVERSON & SHOBER, Fayetteville, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Christina Oxendine appeals her conviction and 33-month sentence for being an accessory after the fact to an interstate kidnaping committed by her brother, *see* 18 U.S.C.A. §§ 3, 1201 (West 2000), and aiding and abetting her parents' misleading statements to federal authorities, *see* 18 U.S.C. §§ 2, 1001(a)(2) (1994). Oxendine challenges the district court's findings supporting a two-level enhancement of her offense level for obstruction of justice pursuant to *U.S. Sentencing Guidelines Manual* § 3C1.1 (2000), based on her perjury at trial. For the following reasons, we affirm.

At trial, Oxendine testified that on or about February 8, 1998, her aunt contacted Oxendine's family in North Carolina and asked them to drive to Baltimore, Maryland due to an "emergency." Oxendine further testified that upon arriving in Baltimore, her aunt instructed her to bail out "Jerry Oxendine," an individual Oxendine testified she did not know, who later turned out to be Gerald Moore, Oxendine's fugitive brother. The Government's witnesses, however, testified Oxendine and her family knew Moore was in Baltimore and that he had been arrested on February 6, 1998 for unrelated state charges under an alias. Based on this discrepancy and Oxendine's incredible version of events, the district court found Oxendine committed perjury in testifying in her own defense at trial.

At Oxendine's sentencing hearing, the district court imposed a two-level enhancement for obstruction of justice pursuant to § 3C1.1 because Oxendine deliberately offered false testimony in her defense. Oxendine challenges the application of this enhancement, alleging the court failed to make necessary findings in applying the enhancement and that there was insufficient evidence to support it.

Oxendine's assignments of error are meritless. The district court adopted the factual findings of Oxendine's presentence report as its

own, which satisfies the requirements of *United States v. Dunnigan*, 507 U.S. 87, 94-95 (1993) (obliging sentencing courts to make specific findings of perjury before in applying § 3C1.1 enhancements based on a defendant's testimony at trial). *See United States v. Haas*, 171 F.3d 259, 268 (5th Cir. 1999). Furthermore, the findings of Oxendine's presentence report, combined with the Government's uncontested proffer at sentencing and the district court's statements during trial, provide a sufficient evidentiary basis for the § 3C1.1 enhancement. Therefore, we find Oxendine's objections to the enhancement of her offense level for obstruction of justice under § 3C1.1 based on her perjury at trial are without merit.

Accordingly, we affirm Oxendine's sentence and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*